UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAUSTO ALVAREZ, | * | CIVIL ACTION NO: |
| | * | |
| Plaintiff, | * | |
| versus | * | JUDGE |
| | * | |
| TEQUILA ROSE, L.L.C. | * | |
| and TIMOTHY C. HAYGOOD | * | MAG. JUDGE |
| | * | |
| Defendants. | * | |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, Fausto Alvarez, by and through his undersigned counsel, hereby files this Complaint and sues Defendants, Tequila Rose, L.L.C. and Timothy C. Haygood, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff Alvarez is a resident of Jefferson Parish, Louisiana.

4. Mr. Alvarez is paralyzed from the waist down and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Alvarez is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendants are the owners and/or lessors of the real properties and improvements which are the subject of this action, to wit: the "Property," generally located at 2001-2005 Belle Chasse Highway, Gretna, Louisiana.

7. Defendants are obligated to comply with the ADA.

8. All events giving rise to this lawsuit occurred in Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. Mr. Alvarez re-alleges the proceeding paragraphs as if they were expressly restated herein.

10. The Property, a shopping plaza, is a public accommodation and is subject to the ADA.

11. Alvarez has visited the Property before and plans to visit the Property again in the near future.

12. During his visits, Alvarez experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in detail herein.

13. Alvarez continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed herein which still exist.

14. Alvarez intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

15. Defendants are in violation of 42 U.S.C. § 12181, *et seq.* and 28 C.F.R. § 36.302, *et seq.* and is discriminating against Mr. Alvarez due to, but not limited to, its failure to remedy, *inter alia*, the following violations:

   a. Plaintiff encountered no parking designated as accessible;

b. Plaintiff encountered inaccessible parking due to ramps improperly placed in access aisles;

c. Plaintiff encountered inaccessible routes throughout the Property due to excessive slopes and steep side flares that fail to provide smooth transitions;

d. Plaintiff encountered inaccessible sidewalks due to lack of space; and

e. Plaintiff encountered inaccessible routes throughout the Property due to a lack of curb cut access.

16. Furthermore, Defendants continue to discriminate against Plaintiff Alvarez by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide Mr. Alvarez an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which Defendants offer to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

18. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on Defendants.

19.     Removal of the barriers to access located on the Property would provide Plaintiff Alvarez an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which Defendants offer to the general public.

20.     Independent of his intent to return as a patron to the Property, Mr. Alvarez additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21.     Plaintiff Alvarez has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff Alvarez is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants, pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff Alvarez demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, leased to and/or operated by Defendants is in violation of the ADA;

B. That this Court enter an Order directing Defendants to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendants to evaluate and neutralize their policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully Submitted*,

*/s/ Roberto Luis Costales*                    */s/ William H. Beaumont*
_____     _____
Roberto Luis Costales, T.A (#33696)     William H. Beaumont (#33005)
Emily A. Westermeier (#36294)             3801 Canal Street, Suite 207
3801 Canal Street, Suite 207                   New Orleans, LA 70119
New Orleans, LA 70119                           Telephone: (504) 483-8008
Telephone: (504) 534-5005                     *whbeaumont@gmail.com*
Facsimile:  (504) 272-2956
*costaleslawoffice@gmail.com*
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*